UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES GARCIA,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-1013-PPS-MGG

OPINION AND ORDER

James Garcia, a prisoner without a lawyer, filed a complaint against Warden Ron Neal and Sergeant R. Statham. "A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, James Garcia alleges that, on November 22, 2017, Sergeant Statham arrived at his housing unit at the Indiana State Prison. After three minutes of discussion, Sergeant Statham sprayed a chemical agent in Garcia's eyes because Sergeant Statham was angry and was having a bad day. As a result, Garcia could not see, tripped over a bed post, and hit his head on the floor. Later that day, Garcia was moved to a cell with blood and fecal matter on the walls and floor, no running water,

and no heat. He was not given a mattress, could only wear a shirt and boxers, and received no hot meals. For his injuries, Garcia seeks money damages.

Garcia asserts an excessive force claim against Sgt. Statham. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks and citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* According to Garcia, Sergeant Statham sprayed a chemical agent on Garcia simply because he was having a bad day. Therefore, the complaint states a plausible Eighth Amendment claim of excessive force against Sergeant Statham.

Garcia asserts a state law claim of intentional inflectional infliction of emotional distress. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* Here, the complaint includes no allegations to suggest that Garcia complied with the notice requirements of the Indiana Tort Claims Act. Therefore, the state law claim of intentional infliction of emotional distress is dismissed.

Garcia also names Warden Ron Neal as a defendant, alleging supervisory liability. However, "[i]t is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Rather, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Garcia does not explain how Warden Ron Neal was personally involved in his claims, Garcia cannot proceed against him. Likewise, because Garcia does not explain how any defendant was personally involved with the cell conditions, he cannot proceed on that claim.

For these reasons, the court:

(1) GRANTS James Garcia leave to proceed against Sergeant R. Statham on an Eighth Amendment claim of excessive force for spraying him with a chemical agent on November 22, 2017;

(2) DISMISSES Warden Ron Neal;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant R. Statham at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant R. Statham to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claims for which James Garcia has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: February 1, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT