UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES GARCIA,

    Plaintiff,

v.                                     CAUSE NO. 3:18-CV-1013-DRL-MGG

R. STATHAM,

    Defendant.

## OPINION & ORDER

James Garcia, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Officer Statham for using excessive force against him on November 22, 2017. Officer Statham filed a motion for summary judgment, arguing that Mr. Garcia failed to exhaust his administrative remedies because he did not complete the grievance process for his claims.

Officer Statham provided Mr. Garcia with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 26. The notice informed Mr. Garcia of the importance of filing a response. It advised that, unless he disputed the facts presented by Officer Statham, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Mr. Garcia did not file a response.

In a declaration, Joshua Wallen, grievance specialist at the Indiana State Prison, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 25-1. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. ECF 25-2 First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance

specialist. *Id.* at 9-11. Among other requirements, a formal grievance must "raise the same issue that the offender raised in trying to get the informal resolution" and must "relate to only one event or issue." *Id.* at 9. If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* at 11-12. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* at 12-13.

According to the grievance records, Mr. Garcia submitted two formal grievance relating to his claim in this case. On December 11, 2017, Mr. Garcia submitted a formal grievance about limited access to telephones, the use of force incident that occurred on November 22, 2017, and the conditions of the suicide monitoring cell he was placed in thereafter. ECF 25-4 at 5-7. In that grievance, Mr. Garcia described his attempts to informally resolve his complaint regarding telephone access but provided no indication that he attempted to informally resolve his complaint about the use of force incident or his cell conditions. *Id.* On December 13, 2017, the grievance officer returned the grievance as deficient because it sought unavailable remedies and because Mr. Garcia did not attempt to informally resolve it. *Id.* at 4. On December 20, 2017, Mr. Garcia submitted a nearly identical formal grievance, which was denied for the same reasons. *Id.* at 1-3.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

2

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Here, the undisputed record demonstrates that Mr. Garcia made no attempt to informally resolve his concerns regarding the use of force incident that is the subject of his claim. Further, the formal grievances submitted by Mr. Garcia did not "raise the same issue that the offender raised in trying to get the informal resolution" and did not "relate to only one event or issue" as required by the grievance policy. In sum, the record demonstrates that Mr. Garcia did not exhaust his available administrative remedies with respect to his excessive force claim, and the motion for summary judgment is granted. Because there are no remaining claims, this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 24);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

March 11, 2020                                   *s/ Damon R. Leichty*
                                                 Judge, United States District Court